UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MY CLASSIFIED ADS, L.L.C.,

    Plaintiff,
v.                         Case No. 8:14-cv-2365-T-33AEP

GREG WELTEROTH HOLDING INC.
d/b/a GREGORY WELTEROTH
ADVERTISING,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff My Classified Ads, L.L.C.'s (MCA) Motion to Strike Defendant's Amended Affirmative Defenses (Doc. # 32), filed on January 20, 2015. Defendant Greg Welteroth Holding, Inc. d/b/a Gregory Welteroth Advertising's (GWA) filed a response in opposition thereto on February 6, 2015. (Doc. # 35). For the reasons stated below, the Court denies MCA's Motion.

**I.**   **Background**

MCA initiated this breach of contract action on July 25, 2014, in state court. (Doc. # 2). On September 17, 2014, GWA removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. # 1). Thereafter, on October 10, 2014, MCA filed its Amended Complaint. (Doc. #

14). On October 23, 2014, GWA filed a Motion to Dismiss (Doc. # 17), which was denied by this Court on November 10, 2014 (Doc. # 23).

Subsequently, GWA filed its Answer, Affirmative Defenses and Counterclaim on November 24, 2014 (Doc. # 24), and filed its First Amended Answer, Affirmative Defenses and Counterclaim on January 2, 2015 (Doc. # 29). In the present Motion, MCA seeks and Order striking affirmative defenses two through twelve asserted by GWA. (See Doc. # 32).

## II. Legal Standard

Affirmative defenses are subject to the general pleading requirements of Rule 8. Rule 8(b)(1)(A), Fed. R. Civ. P., requires that a party "state in short and plain terms its defenses to each claim asserted against it." Affirmative defenses are also evaluated against the touchstone of Rule 12(f), Fed. R. Civ. P., which states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-30498, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997). Further, as stated in Florida Software

Systems v. Columbia/HCA Healthcare Corporation, No. 8:97-cv-2866, 1999 U.S. Dist. LEXIS 15294, at *4 (M.D. Fla. Sept. 16, 1999), "An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove."

In addition, courts may strike a defense if it has "no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." Ayers v. Consol. Constr. Servs. of SW Fla., Inc., No. 2:07-cv-123, 2007 U.S. Dist. LEXIS 86596, at *2 (M.D. Fla. Nov. 26, 2007). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike." Fla. Software Sys., 1999 U.S. Dist. LEXIS 15294, at *4.

### III. Analysis

A true affirmative defense is "one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters." Bluewater Trading, LLC v. Willmar USA, Inc., No. 07-cv-61284, 2008 U.S. Dist. LEXIS 108191, at *2 (S.D. Fla. Sept. 9, 2008). Rule 8(c)(1) includes a list of affirmative defenses, such as accord and satisfaction, estoppel, laches, res judicata, and waiver.

3

In its First Answer, Affirmative Defenses and Counterclaim, GWA asserts the following affirmative defenses:

### SECOND DEFENSE

MCA's Amended Complaint is barred by waiver. MCA voluntarily and intentionally relinquished a known right and/or acted in such a way as to imply the voluntary and intentional relinquishment of a known right. MCA failed to deliver the radio spots as promised and unequivocally demonstrated an inability to deliver the radio spots. Furthermore, MCA converted the funds delivered by GWA to MCA's own use and benefit instead of applying the funds to the purchase of radio advertising spots. MCA's conduct demonstrates a complete disregard for the parties' agreement and a relinquishment of any right to act in accordance with the agreement.

### THIRD DEFENSE

MCA's Amended Complaint is barred by merger clause in MCA's invoices. Specifically, the invoices state that the invoices supersede all prior oral agreements. . . . Given the terms of the merger clause in MCA's invoice, MCA is barred from asserting breach of an oral contract.

### FOURTH DEFENSE

MCA's Amended Complaint is barred by equitable estoppel. MCA demonstrated an inability and unwillingness to perform its obligations under the parties' agreement by failing to deliver the radio spots as required and by converting funds delivered by GWA for purposes other than the radio advertising campaign. MCA is equitably estopped from seeking to enforce the oral agreement.

### FIFTH DEFENSE

There was not a meeting of the minds on the terms as alleged by MCA, thus barring MCA's claims for breach of contract. Any contract, including an oral contract, requires a meeting of the minds. If the terms of the contract were as alleged by MCA, there was no meeting of the minds and the contract as alleged by Plaintiff is unenforceable.

### SIXTH DEFENSE

The contract or agreement as alleged by MCA fails as indefinite and vague. The terms of an oral contract must be definite and certain. The contract or agreement as alleged by MCA does not meet this standard.

### SEVENTH DEFENSE

GWA has paid MCA more than the amount MCA was entitled to under the parties' agreement and, accordingly, MCA cannot establish a claim for breach of contract. GWA paid MCA the sum of $1,364,895.00. MCA agreed to charge only the cost of the radio spots plus an 8% commission. The amount paid by GWA to MCA significantly exceeds the cost plus the agreed upon 8% commission. Accordingly, MCA's Amended Complaint is barred by the affirmative defense of payment.

### EIGHTH DEFENSE

MCA has failed to perform conditions precedent, thus barring Plaintiff's Amended Complaint. The key condition precedent was MCA's ability to deliver the radio advertising spots required by GWA. MCA did not deliver conforming radio advertising spots and/or MCA was unable to deliver the radio advertising spots. Accordingly, MCA did not fulfil a condition precedent for the adequate performance of the contract.

### NINTH DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted. MCA asserts vague and indefinite terms of an oral contract and attaches invoice with a merger clause which states that the merger clause supersedes prior oral agreements. Based on these allegations and the omissions in the Amended Complaint, MCA has failed to state a claim upon which relief can be granted.

### TENTH DEFENSE

MCA's Amended Complaint is barred by mutual mistake of fact. The parties' agreement was premised on the ability of MCA's (sic) to deliver the required radio advertising spots. Both parties were mistaken

5

about MCA's ability to deliver the required radio advertising spots, as MCA was clearly unable to perform as required.

**ELEVENTH DEFENSE**

MCA's Amended Complaint is barred by MCA's fraud and misrepresentations. MCA made false statements concerning material facts; specifically, on June 18, 2014, MCA, through Blaire Fanning, stated that MCA's performance deficiencies would be corrected immediately and that the media delineated in the Program would run as specified, that "make goods" would be issued, and that only nominal additional costs would be incurred by GWA. MCA knew that these statements were false and intended to induce GWA's reliance on these statements. GWA did, in fact, rely on these statements to its detriment and issued an additional payment to MCA. MCA also misrepresented facts related to its ability and intention to perform the contract. MCA misrepresented that it already possessed conforming radio spots and/or that it had access to conforming radio spots, when MCA did not possess or have access to the radio spots. Furthermore, based upon MCA's actions, it is apparent that MCA did not intend to deliver conforming radio spots. GWA detrimentally relied on these misrepresentations, entered into the agreement with MCA, and suffered extensive losses.

**TWELFTH DEFENSE**

MCA's Amended Complaint is barred [by] MCA's breach of the implied covenant of good faith and fair dealing. MCA had the duty to act in good faith and that duty included the duty to accurately disclose whether MCA was capable of meeting the requirements of the contract. MCA breached this duty by failing to disclose material facts, including but not limited to MCA's inability to perform the parties' agreement. In fact, MCA misrepresented its capabilities, sometimes in writing, by suggesting that it could do "anything" and that it possessed or had access to the required inventory of radio advertising spots.

6

(Doc. # 29 at 4-7).

The Court acknowledges MCA's argument that GWA's defenses "merely state legal conclusions without alleging sufficient facts to establish plausibility, fail to plead with particularity required under Rule 9(b), and/or simply point out purported defects in the Amended Complaint, and are, therefore, not affirmative defenses." (Doc. # 32 at 2). However, the Court disagrees with MCA's contention.

Instead, the Court determines that GWA's defenses pass muster under the standards set forth above. The defenses relate squarely to the controversy, do not confuse the issues, and do not cause prejudice to any party. Nonetheless, to the extent that any of GWA's defenses could be construed as containing legal conclusions, this Court is fully capable of separating the wheat from the chaff in all of the parties' pleadings. As a result, the Court declines to strike GWA's defenses, and MCA's Motion is therefore denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff My Classified Ads, L.L.C.'s Motion to Strike Defendant's Amended Affirmative Defenses (Doc. # 32) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>6th</u> day of February, 2015.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record